Hon Benjamin Settle

IN THE U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Jamie Elward,

    Plaintiff,

v.

Sealy, Inc., a foreign corporation,

    Defendant.

NO. 3:22-cv-05645-BHS

First Amended Complaint

**Noted:**

## I. Parties, Jurisdiction and Venue

**1.1** Plaintiff Jamie Elward is a female resident of the State of Washington, County of Thurston.

**1.2** Defendant Sealy, Inc., is a foreign corporation, which has done business in the state of Washington at all times relevant.

**1.3** Jurisdiction lies in Federal Court by virtue defendant having removed this case from Thurston County, WA., Superior court, by Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446.

**1.4** Venue is appropriate in the US District Court for the Western District of WA at Tacoma.

## II. Facts

2.1 All acts complained of occurred in Thurston County, Washington.

2.2 On or about August 31, 2020, plaintiff began working for defendant at their Lacey, Washington, worksite in the foundation department as a box spring grid assembler.

2.3 Defendant hired Alfredo Perez (Perez) on or about November 2, 2020, as a supervisor in a different department at the Lacey campus.

2.4 Perez was accused of sexually inappropriate behavior by one or more female employees in his first supervisory assignment for defendant in Lacey.

2.5 Defendant knew Perez had been accused by one or more female employees of sexually inappropriate behavior during his first supervisory assignment for defendant in Lacey.

2.6 Defendant's HR Dept. was aware during Perez's first supervisory assignment for defendant in Lacey that he had been accused by one or more female employees of sexually inappropriate behavior.

2.7 Defendant failed to fully investigate allegations of sexually inappropriate behavior by Perez in his first supervisory assignment for defendant in Lacey before he was transferred to his second supervisory position with defendant.

2.8 After defendant learned of female employee allegations of sexually inappropriate behavior by Perez in his first supervisory assignment, defendant transferred him to his second supervisory assignment for defendant in Lacey.

2.9 Perez was accused of sexually inappropriate behavior by one or more female employees in his second supervisory assignment for defendant in Lacey.

2.10 Defendant knew one or more female employees had accused Perez of sexually inappropriate behavior in his second supervisory assignment for defendant in Lacey.

2.11 Defendant's HR Dept. was aware during Perez's second supervisory assignment for defendant in Lacey that he had been accused by one or more female employees of sexually inappropriate behavior.

2.12   Defendant failed to fully investigate allegations of sexually inappropriate behavior by Perez during his second supervisory assignment for defendant in Lacey until 2022.

2.14   After defendant learned of allegations against Perez of sexually inappropriate behavior during his second supervisory assignment, defendant removed Perez from the work schedule.

2.15   After defendant learned of allegations against Perez of sexually inappropriate behavior in his second supervisory assignment, defendant suspended Perez.

2.16   After defendant learned of allegations against Perez of sexually inappropriate behavior during his second supervisory assignment, defendant terminated him.

2.17   Before Perez was transferred to the foundation dept., management for defendant knew Perez was a sexual predator.

2.18   After defendant took corrective action against Perez after allegations of sexually inappropriate behavior in his second supervisory assignment defendant announced to the staff that Perez had been terminated.

2.19   Defendant did not announce to the staff that Perez had been terminated because of sexually inappropriate conduct in the workplace.

2.20   In September 2021, defendant and Perez negotiated his return to work to a third supervisory position in Lacey.

2.21   Richard Coley, Director, Manufacturing Operations, decided in September 2021 to bring Perez back to the Foundations Department and give him another chance.

2.22   When it was agreed Perez would return for a third supervisory position in Lacey, defendant and Perez agreed that if there were any further allegations of sexually inappropriate conduct by Perez he would be terminated immediately.

3

First Amended Complaint                              The Law Offices of HUGH J. MCGAVICK, PS
                                                     855 TROSPER RD #108-298
                                                     TUMWATER, WA 98512
                                                     360-867-0215
                                                     FAX 866-8013

2.23   Defendant did not notify the staff before or during the time Perez became a supervisor in his third department at Lacey that he had previously been accused of sexually inappropriate behavior in the workplace.

2.24   Defendant did not require Perez to have training regarding the laws against sexual harassment and discrimination between the end of his second supervisory position and beginning his third supervisory position.

2.25   On or about September 20, 2021, defendant placed Perez as the new supervisor in the foundation department, where plaintiff had been working for more than a year.

2.26   Perez was plaintiff's "manager" in the foundations dept.

2.27   When Perez was plaintiff's "manager" in the foundations dept. he had authority and power to affect her hours, wages, and working conditions.

2.28   Shortly after becoming supervisor in foundation, Perez began to "groom" plaintiff for a sexual purpose, by singling her out, isolating her from her coworkers, promising her promotions and career advancement.

2.29   Shortly after becoming supervisor in foundation, Perez frequently rubbed her arms, back or shoulders, which was always unwelcome and unreciprocated, and always made her cringe.

2.30   Perez frequently made lewd and lascivious comments to plaintiff, including specific statements of sexual things he would like to do with her, and how he would like to do them.

2.31   Perez told plaintiff he thought he would become the only supervisor on a planned new second shift, and if that happened, he had to have her with him, and couldn't wait to get her alone and to himself.

2.32   Plaintiff repeatedly rebuffed all of Perez's sexually inappropriate overtures, reminded him she was a happily married woman, and told him he had to stop making sexually inappropriate comments to her.

4

First Amended Complaint                                   The Law Offices of HUGH J. MCGAVICK, PS
                                                          855 TROSPER RD #108-298
                                                          TUMWATER, WA 98512
                                                          360-867-0215
                                                          FAX 866-8013

2.33  By November 15, 2021, Perez escalated his lascivious comments, and later that day he apologized to plaintiff and asked if he needed to start looking for another job.

2.34  On November 16, 2021, Perez became more graphic in his suggestive sexual comments and fantasies, as he talked to plaintiff one-on-one that day as he had done many days before, which may have looked from afar like a normal business conversation: every time he would do that, plaintiff would try to bring the conversation back to a work conversation, or she would stop somebody walking by.

2.35  There were times at work when Perez would stand and talk to plaintiff for 45 minutes or longer multiple times per week.

2.36  There were times at work when Perez would stand and talk to plaintiff for 45 minutes or longer multiple times per week, in plain view of second floor management offices.

2.37  At least seven times plaintiff's boss, Shawn Coatney, Manager, Production Assembly, walked by when Perez was talking to plaintiff alone, but Coatney never interrupted them, never checked to make sure plaintiff was not being sexually harassed.

2.38  Coatney never interrupted conversations between Perez and plaintiff, even though he knew Perez's history of inappropriate sexual conduct in the workplace.

2.39  November 18, 2021, was the breaking point for plaintiff, as she had already asked Perez to stop his sexual banter several times that day and had a serious conversation with him at her lunch break and told him it was not going to happen again, a conversation she recorded. Perez was very apologetic and agreed it would not happen again, but 20 minutes later he asked if he gave her enough shots (of alcohol) if her standards would lower.

2.40  On November 18, 2021, after Perez asked if her standards would lower, plaintiff was extremely angry and tearfully vented to a coworker outside who went

5

First Amended Complaint  The Law Offices of HUGH J. MCGAVICK, PS
855 TROSPER RD #108-298
TUMWATER, WA 98512
360-867-0215
FAX 866-8013

back in the building with her and helped her clean up her workstation and escorted her out of the building, so she was not alone.

2.41   Back at work on Friday, November 19, 2021, at 10:15 AM, plaintiff went upstairs into the HR office and talked for a long time to HR Professional Shannon Holliday about what Perez have been doing and what was going on. Holiday took notes as plaintiff reported how Perez had sexually harassed her.

2.42   When plaintiff walked downstairs at work at 11:08 AM on November 19, 2021, she witnessed Perez looking for her, so she went back to the HR office, and Holliday had Richard Coley, Director, Manufacturing Operations, call Perez on the radio to come upstairs to a supervisors meeting, with the intent to let plaintiff gather her things and leave the building.

2.43   On Friday, November 19, 2021, Perez did not respond to Coley's direction to go to the supervisor meeting.

2.44   Shortly after plaintiff left work on November 19, 2021, Perez asked another supervisor, Greg Johnson, to escort him out of the building, and told Johnson that he may have said something inappropriate that was taken out of context that could get him in trouble.

2.45   Plaintiff was not the first employee of defendant to complain about sexual harassment by Perez.

2.46   When plaintiff returned to work on Monday, November 22, 2021, Holiday advised her Perez had resigned over the weekend.

2.47   As word got around the plant that Perez had resigned, plaintiff learned she was at least three other women had gone upstairs to complain to HR and/or management about Perez being sexually inappropriate in the workplace.

2.49   In late November 2021 plaintiff asked Holiday for a copy of the notes of her complaint but was told she could not have them because they were part of an investigation.

6

First Amended Complaint                    The Law Offices of HUGH J. MCGAVICK, PS
                                           855 TROSPER RD #108-298
                                           TUMWATER, WA 98512
                                           360-867-0215
                                           FAX 866-8013

2.50   Until Perez became her supervisor, plaintiff loved her job, and the community of the workplace.

2.52   After plaintiff reported Perez to HR, there was no announcement of an investigation, nor was there an announcement at team meetings about the need to comply with the laws against discrimination, especially sexual harassment.

2.53   After plaintiff reported Perez to HR there was no communication from HR to plaintiff seeking clarification or more details.

2.54   Plaintiff began to hate her job as she was being sexually harassed, which grew stronger as defendant did nothing to remedy and prevent the harm plaintiff had suffered from Perez.

2.55   Shortly after Perez resigned, plaintiff lost all trust and faith in management that they would ever investigate her complaint.

2.56   After Perez resigned, plaintiff began to do everything she could to avoid even eye contact with management or supervisors because it was too painful.

2.57   During the company 2021 Christmas raffle plaintiff won a raffle prize but could not go upstairs to get her prize unless accompanied by a coworker, because she did not want to be alone with management.

2.58   The impact of Perez's harassment made it hard for plaintiff to do her normal day-to-day job, like driving a forklift or participating in TWI training activities which she used to love.

2.59   Defendant frequently had regular "Town Hall" meetings where management, HR, Safety, and QC would talk to employees about things going on in the plant such as changes that were coming, safety topics, injuries, etc., but through the end of January 2022, they never once mentioned anything about sexual harassment after plaintiff's complaint in November 19, 2021.

First Amended Complaint

7

The Law Offices of HUGH J. MCGAVICK, PS
855 TROSPER RD #108-298
TUMWATER, WA 98512
360-867-0215
FAX 866-8013

2.60   The last Town Hall meeting plaintiff attended was in late January 2022, where management mentioned they needed supervisors, which plaintiff felt was degrading, embarrassing, and targeting her, as though she were responsible.

2.61   Defendant's "No Harassment Policy" in effect in 2021 provided, in part: "Whenever an allegation of harassment is reported, an impartial and comprehensive investigation will be promptly conducted, and appropriate corrective action will be determined based on the facts presented."

2.62   Defendant did not comply with its "No Harassment Policy" after plaintiff's complaint.

2.62   Defendant had a duty to provide a safe workplace and protect female employees from a known sexual predator.

2.63   Plaintiff's stress levels continued to increase from November 2021 through February 2022 as her feelings of abandonment and betrayal by the company grew stronger as they continued to ignore her complaints about Perez.

2.64   Plaintiff's working conditions deteriorated to the point she could no longer work for defendant, and she quit in February 2022.

2.65   In February 2022, plaintiff's attorney notified defendant how plaintiff had been treated by Perez and advised that the company had failed to fully investigate her complaints.

2.66   In February 2022, after notice from plaintiff's attorney, defendant conducted a sexual harassment investigation about Perez and his accusers.

2.67   Defendant's HR Professional Shannon Holiday was terminated after the corporate investigation began in February 2022.

2.68   Defendant's HR Professional Shannon Holiday resigned after the corporate investigation began in February 2022.

2.69   As a result of the foregoing, Plaintiff has suffered damages and injuries, which are continuous and ongoing.

8

First Amended Complaint                The Law Offices of HUGH J. MCGAVICK, PS
855 TROSPER RD #108-298
TUMWATER, WA 98512
360-867-0215
FAX 866-8013

### III.     CAUSES OF ACTION

Plaintiff realleges the facts set forth above in paragraphs 2.1 - 2.69 above and incorporates the same by reference.

3.1     Plaintiff was discriminated against on the basis of sex in violations of the Washington State Law Against Discrimination, RCW 49.60.010 *et seq.*

3.2     Plaintiff was sexually harassed in violations of the Washington State Law Against Discrimination, RCW 49.60.010 *et seq.*

3.3     Defendant is strictly liable for the actions of plaintiff's manger, Perez, as he abused his authority and power to affect plaintiff's hours, wages, and working conditions.

3.4     Perez's unwelcome sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature constituted sexual harassment because submission to such conduct was made either explicitly or implicitly a term or condition of plaintiff's employment

3.5     Perez's unwelcome sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature constituted sexual harassment because submission to or rejection of such conduct by plaintiff was used as the basis for employment decisions affecting plaintiff.

3.6     Perez's unwelcome sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature constituted sexual harassment because such conduct had the purpose or effect of unreasonably interfering with plaintiff's work performance.

3.7     Perez's unwelcome sexual advances, requests for sexual favors, and other verbal and physical conduct of a sexual nature constituted sexual harassment because such conduct created an intimidating or hostile working environment for plaintiff.

3.8     Defendant's failure to protect plaintiff from a known sexual predator was a violation of its duty under state and federal law, including 29 CFR §1604.11(f).

3.9     Defendant failed to protect plaintiff when the company failed to do a prompt, impartial, and comprehensive investigation of sexual harassment complaints about Perez before he became supervisor in foundations.

3.10    Defendant failed to protect plaintiff while Perez was her boss in the foundations department.

3.11    Defendant failed to protect unsuspecting female employees when the company failed to do a prompt, impartial, and comprehensive investigation of sexual harassment complaints about Perez before he resigned in November 2021.

3.12    Defendant failed to protect plaintiff and other female employees after plaintiff complained about Perez by failing to do a subsequent, prompt, impartial, and comprehensive investigation of at least plaintiff's complaints about sexual harassment.

3.13    Defendant is liable for the actions of its agents under the doctrine of respondeat superior.

## IV.    PRAYER FOR RELIEF

Wherefore, plaintiff prays for relief as follows:

Damages for back pay, front pay, lost benefits, and future retirement benefits in amounts to be proven at trial.

Damages for loss of enjoyment of life, pain and suffering, mental anguish, anxiety, emotional distress, injury to reputation, and humiliation.

Prejudgment interest in an amount to be proven at trial.

Reasonable attorney fees and costs, and cost of suit incurred herein.

Compensation for the tax penalty associated with any recovery.

Whatever further and additional relief the court shall deem just and appropriate.

10

First Amended Complaint                The Law Offices of HUGH J. MCGAVICK, PS
                                       855 TROSPER RD #108-298
                                       TUMWATER, WA 98512
                                       360-867-0215
                                       FAX 866-8013

DATED December 9, 2022.

        LAW OFFICE OF
      HUGH J. McGAVICK, PS
        Attorney for Plaintiff

*/s/ Hugh J McGavick*
Hugh J. McGavick
WSBA #12047