UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMIE ELWARD,<br><br>Plaintiff,<br><br>v.<br><br>SEALY, INC,<br><br>Defendant. | CASE NO. C22-5645 BHS<br><br>AMENDED ORDER |

THIS MATTER is before the Court on defendant Sealy's motion to stay execution of the judgment pending ruling on post-trial motions, Dkt. 126. Sealy asks the Court to extend without the requirement of a supersedeas bond the Rule 62(a) automatic stay beyond 30 days, to permit the parties to file (and the Court to decide) the parties' post-trial motions: Sealy's motions for a judgment as a matter of law (Rule 50) or for a new trial (Rule 59), and plaintiff Elward's pending motion for attorneys' fees, Dkt. 116. The former motions will be filed by Friday, March 20. The latter is noted for March 27. Absent a bond or a Court order, the Rule 62 stay will expire on March 23.

Elward opposes a stay and insists that Sealy post a supersedeas bond to preclude her from executing on her $5,000,000 judgment while this Court considers the post-trial

ORDER - 1

motions. She asserts that Sealy has not established any basis for departing from the requirement of a supersedeas bond, such as hardship in obtaining one, or some evidence that Sealy is financially sound and could pay the judgment once its loss is final. Dkt. 129 at 3 (citing *United States of America for the Use of Salinas Construction, Inc. v. Western Surety Company,* 2016 WL 1436069, *1 (W.D. Wash. 2016)).

The Court does not agree. As she argued at trial, Sealy is a very large company. It has billions in annual sales. Elward does not face any real "risk" of a later-uncollectable judgment, and temporarily staying execution does not place any additional risk on her. She is entitled to post-judgment interest[1] on the judgment, which will compensate her for any delay in execution, with or without a bond. And she gains little from forcing Sealy to pay ~10% of the judgment amount ($500,000) to stay execution while the Court carefully considers its and her post-judgment motions.

Sealy's motion to stay execution of the judgment while the Court resolves the parties' post-trial motions, without the requirement of a supersedeas bond, Dkt. 126, is **GRANTED**.

Execution of the judgment is **STAYED** until the later of 30 days after (i) the resolution of the post-trial motions for a judgment, for a new trial, and for attorneys' fees, or (ii) the date of entry of any amended judgment.

---

[1] Elward seeks 12.0% post judgment interest under RCW 4.56.110(6). Dkt. 116 at 2. The federal rate applicable in this Court for a civil judgment entered February 20, 2026, is 3.43%. 28 U.S.C. § 1961(a).

ORDER - 2

The Court is likely to require a supersedeas bond for any appeal of the judgment following its resolution of the post-trial motions.

IT IS SO ORDERED.

Dated this 23rd day of March, 2026.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3